UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

TONAWANDA COKE CORPORATION,

Debtor,

Chapter 11

Case No. 18-12156

Hon. Michael J. Kaplan, U.S.B.J.

# NOTICE OF MOTION FOR ENTRY OF AN ORDER (I) SETTING A BAR DATE FOR FILING PROOFS OF ADMINISTRATIVE CLAIMS AGAINST THE DEBTOR, (II) ESTABLISHING ADMINISTRATIVE CLAIMS PROCEDURES, (III) APPROVING FORM OF NOTICE, AND (IV) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that Debtor Tonawanda Coke Corporation (the "Debtor"), by and through its attorneys, Hodgson Russ, LLP, will move before the Honorable Michael J. Kaplan, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Western District of New York, Robert H. Jackson U.S. Courthouse, Orleans Courtroom, 5th Floor, 2 Niagara Square, Buffalo, New York 14202 **on January 15, 2019 at 1:00 p.m.** for an Order setting a bar date for filing administrative proofs of claim against the Debtor and approving proposed notice procedures.

**PLEASE TAKE FURTHER NOTICE**, that responses or objections, if any, to the Motion must be in writing, must conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Western District of New York, are due as soon as practicable in accordance with Rule 9013-1(B) of the Local Rules of Bankruptcy Procedure for the Western District of New York, and must be served upon: (i) counsel to the Debtor, Hodgson Russ LLP, 140 Pearl Street, Suite 100, Buffalo, New York 14202 (Attn: James C. Thoman, Esq. and Garry

M. Graber, Esq.); (ii) the Office of the United States Trustee, Olympic Towers, 300 Pearl Street, Suite 401, Buffalo, New York, 14202 (Attn: Joseph Allen, Esq.); (iii) counsel to the Creditors Committee, Baumeister Denz, LLP, 174 Franklin Street, Suite 2, Buffalo, New York, 14202 (Attn: Arthur Baumeister, Esq.); and (iv) the United States Bankruptcy Court, Western District of New York, Robert H. Jackson U.S. Courthouse, 2 Niagara Square, Buffalo, New York 14202 (Attn: Judge Kaplan, marked 'Chambers Copy').

Dated: December 13, 2019

HODGSON RUSS LLP
*Counsel to Tonawanda Coke Corporation*

/s/ James C. Thoman, Esq.
    James C. Thoman, Esq.
    Garry M. Graber, Esq.
    Jessica P. Chue, Esq.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: (716) 856-4000
Facsimile: (716) 849-0349
Email: jthoman@hodgsonruss.com
       ggraber@hodgsonruss.com
       jchue@hodgsonruss.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In Re: | Chapter 11

TONAWANDA COKE CORPORATION, | Case No. 18-12156

Debtor. | Hon. Michael J. Kaplan, U.S.B.J.

---

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) SETTING A BAR DATE FOR FILING PROOFS OF ADMINISTRATIVE CLAIMS AGAINST THE DEBTOR, (II) ESTABLISHING ADMINISTRATIVE CLAIMS PROCEDURES, (III) APPROVING FORM OF NOTICE, AND (IV) GRANTING RELATED RELIEF**

By this motion (the "Motion"), Tonawanda Coke Corporation (the "Debtor"), by and through its attorneys, Hodgson Russ LLP, hereby moves this Court for entry of an order (i) setting a bar date for filing proofs of administrative claims against the Debtor, (ii) establishing administrative claims procedures, including the form and manner for filing proofs of administrative claims, (iii) approving notice of the administrative claim bar date, and (iv) granting related relief. In support of the Motion, the Debtor respectfully submits as follows.

**PRELIMINARY STATEMENT**

1. On October 15, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Western District of New York (the "Court"), commencing the Debtor's chapter 11 case (the "Chapter 11 Case"). The Debtor continues to manage its assets as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Through this bankruptcy proceeding, the Debtor has wound down its operations and is no longer operating. On the Petition Date, the Debtor was working with the United States Environmental Protection Agency ("EPA") and the New York State Department of Environmental

1

Conservation to shut down its facility. On or about October 27, 2018, the Debtor's remaining employees were transitioned to EPA's on-site contractor, Environmental Restoration. At that time, EPA's on-scene coordinators and Environmental Restoration contractors were on site overseeing the facility.

3. Debtor has either sold, or is in the process of liquidating, all of its assets. On or around May 22, 2019, the Court entered an order [Docket No. 222] authorizing the Debtor, through an auctioneer, PPL Acquisition Group II, LLC, to sell substantially all of its personal property assets through an auction. Through such auction, the Debtor sold a substantial amount of its personal property assets. *See generally Report of Auction Conducted July 18, 2019 by PPL Acquisition Group II, LLC as Auctioneer* [Docket No. 338].

4. On or around September 23, 2019, the Court entered an order [Docket No. 336] authorizing the Debtor to sell all of its real property and certain fixtures to Riverview Innovation & Technology Campus ("Riverview"). Riverview has further agreed to purchase the Debtor's remaining fixtures and personal property assets, subject to higher and better offers. On December 13, 2019, the Debtor filed a motion with the Court to authorize such sale to Riverview. *See Motion by Debtor for an Order to Sell Personal Property Assets Under 11 U.S.C. §§ 105(a) and 363(b), (f), and (m), and Federal Rules of Bankruptcy Procedure 2002 and 6004 Free and Clear of Liens, Claims, Encumbrances, and Interests*.

5. Following the proposed sale of all of its remaining assets, the Debtor will seek to wind-down its estate and conclude this Chapter 11 Case. To that end, the Debtor may seek to formulate and confirm a plan of liquidation (a "Plan") or convert this Chapter 11 Case into a case under chapter 7 of the Bankruptcy Code. The Debtor's ability to formulate and confirm a Plan or its decision to convert will be substantially informed by the Debtor's administrative claims pool.

It is therefore imperative for the Debtor to assess which parties are asserting claims entitled to administrative priority (each, an "Administrative Claim") and the amount of such claims. Accordingly, the Debtor files this Motion seeking entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), setting forth the timeline and procedures for filing Administrative Claims and determining the allowance or disallowance of such claims (the "Administrative Claims Procedures").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. The statutory and legal predicates for the relief requested herein are sections 105(a), 501, 502, and 1111(a) of the Bankruptcy Code, Rules 2002(a)(7) and (f), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of New York (the "Local Bankruptcy Rules").

## RELIEF REQUESTED

8. The Debtor seeks entry of the Order: (a) setting a date for filing Proofs of Administrative Claim; (b) establishing procedures for the filing of Administrative Claims, including approval of the form of Proof of Administrative Claim and the Administrative Bar Date Notice (each as defined below); (c) approving procedures for determining the allowance or disallowance of Administrative Claims; and (d) granting related relief.

I.   **The Administrative Claims Bar Date.**

9.   The Debtor requests that the Court establish **February 10, 2020, at 4:00 p.m., prevailing Eastern Time** (the "Administrative Claims Bar Date") as the last date and time for any party to file Proofs of Administrative Claim for any Administrative Claim arising on or prior to **December 31, 2019 at 11:59 p.m., prevailing Eastern Time**:[1]

10.   The Debtor, in consultation with the official committee of unsecured creditors for this Chapter 11 Case (the "Committee"), may file a separate request for relief with respect to the adjudication and allowance of Administrative Claims. The Debtor respectfully requests that all other requests for payment of administrative expenses that are not subject to a pending motion for allowance, now or hereafter asserted, shall be held in abeyance pending such process.

II.   **Procedures for Filing Proofs of Administrative Claim**

   A.   **Parties Required to File Proofs of Administrative Claim.**

11.   Except as specifically set forth herein, **any party** with an Administrative Claim must file a Proof of Administrative Claim on or before the Administrative Claims Bar Date.

   B.   **Parties Not Required to File Proofs of Administrative Claim by the Administrative Claims Bar Date.**

12.   The Debtor requests that the Court exempt the following entities, from any requirement to file a Proof of Administrative Claim prior to the Administrative Claims Bar Date on account of their Administrative Claims:

   a.   any person or entity with a claim for which a proof of claim substantially conforming to Official Form No. 410 has already been properly and timely filed with the Clerk of the Court of the United States Bankruptcy Court for the Western District of New York (the "Clerk of the Court"), **and** (i) such

---

[1] Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; and (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code.

- 4 -

Case 1-18-12156-CLB, Doc 402, Filed 12/13/19, Entered 12/13/19 15:04:41, Description: Main Document , Page 6 of 13

previously filed proof of claim clearly states that claimant is asserting a claim for administrative priority and (ii) the amount of such claim has not changed;

b. any person or entity whose claim is subject to a pending motion before the Court as of December 13, 2019 for the payment of an administrative expense claim, including, but not limited to, United States Environmental Protection Agency and Haun Welding Supply Inc.;

c. any person or entity whose postpetition claim has previously been allowed by order of the Court;

d. any person or entity whose claim has been paid in full by the Debtor;

e. any claim asserted solely against any of the Debtor's non-debtor affiliates; and

f. professional persons compensated pursuant to sections 330 and 331 of the Bankruptcy Code.

**C. Form of Proof of Administrative Claim.**

13. The Debtor has prepared, and requests that the Court approve, a form for filing a Proof of Administrative Claim (which Debtor has based on Official Form 410) substantially in the form annexed as <u>Exhibit 1</u> to the Order attached hereto (the "<u>Proof of Administrative Claim</u>").

**D. Requirements for Preparing and Filing Proofs of Administrative Claim.**

14. With respect to preparing and filing a Proof of Administrative Claim, the Debtor proposes that each Proof of Administrative Claim be required to be consistent with the following:

a. ***Contents.*** Each Proof of Administrative Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the form of Proof of Administrative Claim provided by the Debtor; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant.

b. ***Supporting Documentation.*** Each Proof of Administrative Claim must include supporting documentation as contemplated by Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of the Debtor's counsel, such Proof of Administrative Claim may include a summary of such documentation.

- 5 -

Case 1-18-12156-CLB, Doc 402, Filed 12/13/19, Entered 12/13/19 15:04:41, Description: Main Document , Page 7 of 13

c. ***Where and when to file.*** Each Proof of Administrative Claim (including supporting documentation related thereto) must be filed so that it is ***actually received*** by the Clerk of the Court on or before the Administrative Claims Bar Date via (i) electronically filing such Proof of Administrative Claim through the Court's CM/ECF electronic system or (ii) U.S. Mail or hand-delivery to the following address:

> Clerk of the Court
> United States Bankruptcy Court, WDNY
> 2 Niagara Square
> Buffalo, New York 14202

**PROOFS OF ADMINISTRATIVE CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

15. Except as otherwise set forth herein or otherwise ordered by the Court, the Debtor submits that all requests for the payment of postpetition claims (including any administrative claim allowable under 11 U.S.C. § 503(b) and entitled to priority pursuant to 11 U.S.C. § 507) should be filed pursuant to the Order, and that the Debtor and other parties in interest shall not be otherwise required to respond to any motions, applications, or other requests for allowance and payment of such claims, and any hearings with respect to such motions, applications, and requests that have been or may be filed shall be adjourned.

### E. Consequences of Failure to File a Proof of Administrative Claim

16. The Debtor proposes that any entity that is required, but fails, to file a Proof of Administrative Claim in accordance with the Order on or before the Administrative Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing a Proof of Administrative Claim with respect thereto) and the Debtor and its property shall be forever released from any and all indebtedness or liability with respect to or arising from such claim. Moreover, such creditor shall be prohibited from objecting to any Plan with respect to the treatment

- 6 -

Case 1-18-12156-CLB, Doc 402, Filed 12/13/19, Entered 12/13/19 15:04:41, Description: Main Document , Page 8 of 13

of its alleged Administrative Claim, participating in any distribution in this Chapter 11 Case on account of such claim, or receiving further notices regarding such claim.

### III. Procedures for Providing Notice of the Bar Date

17. Pursuant to Bankruptcy Rule 2002(a)(7), the Debtor proposes to, at least twenty-one (21) days prior to the Administrative Bar Date, (i) file a notice advising of the Administrative Bar Date in a form substantially similar to the notice annexed to the proposed Order as <u>Exhibit 2</u> (the "<u>Administrative Bar Date Notice</u>"), and (b) serve such Administrative Bar Date Notice with a form of Proof of Administrative Claim (together with the Administrative Bar Date Notice, the "<u>Administrative Bar Date Package</u>") via first class mail to the following entities (or their respective counsel, if known):

    a. the Office of the United States Trustee for the Western District of New York;

    b. counsel to the Committee;

    c. all known holders of claims listed on the Schedules at the addresses stated therein;

    d. the District Director of Internal Revenue for the Western District of New York;

    e. all known creditors and parties in interest listed on the Debtor's creditor matrix (the "Matrix"); and

    f. all persons and entities requesting notice pursuant to Bankruptcy Rule 2002 as of the date of entry of the order approving this Motion.

18. The proposed Administrative Bar Date Notice will notify the parties of the Administrative Bar Date and will contain information regarding who must file a Proof of Administrative Claim, the procedures for filing a Proof of Administrative Claim, and the consequences of failure to timely file a Proof of Administrative Claim. The Debtor requests that the Court approve the use of the Administrative Bar Date Notice as set forth in this Motion.

- 7 -

Case 1-18-12156-CLB, Doc 402, Filed 12/13/19, Entered 12/13/19 15:04:41, Description: Main Document, Page 9 of 13

**BASIS FOR RELIEF**

I.  **Authority Exists to Approve the Administrative Bar Date and the Proposed Procedures for Filing Proofs of Administrative Claim in This Chapter 11 Case.**

19. Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." 11 U.S.C. § 503(a). Additionally, section 105(a) of the Bankruptcy Code provides, in relevant part, that, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, the Court has the authority to set a bar date for the filing of all Administrative Claims to provide for an orderly and fair distribution to creditors. Further, this Court is familiar with the process for setting and fixing times for filing proofs of claim on account of prepetition claims pursuant to Bankruptcy Rule 3003(c)(3), which provides in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3).

20. It is widely recognized that bar dates are integral to the goals of chapter 11. *See In re Waterman S.S. Corp.*, 59 B.R. 724, 726 (Bankr. S.D.N.Y. 1986). Indeed, prolonged uncertainty regarding the aggregate liabilities of the bankruptcy estate could delay or derail the winding-up process to the detriment of creditors and parties in interest. *Id.* ("Absent the setting of a bar date, a Chapter 11 case could not be administered to a conclusion."). A bar date for administrative expense claims allows a debtor and parties in interest to expeditiously determine and evaluate the liabilities of the estate. The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred in connection with the administration of the estate, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"provid[ing] debtors and creditors with 'the prompt and effectual

administration and settlement of the [debtor's] estate.'" *Moses v. CashCall, Inc.*, 781 F.3d 63, 72 (4th Cir. 2015) (quoting *Katchen v. Landy*, 382 U.S. 323, 328 (1966)).

21. Given the facts and circumstances surrounding this Chapter 11 Case, the Debtor submits that all of the reasons for setting a prepetition claims bar date apply equally to the Administrative Claims Bar Date and procedures proposed by the Debtor. Here, because the assets in the Debtor's estate are limited, it is critical that the Debtor assess the amount and validity of Administrative Claims asserted against it in order to determine how it will wind-up the Debtor's affairs and this Chapter 11 Case. The proposed Administrative Claim Bar Date Procedures will facilitate the Debtor's orderly and systematic payment of administrative claimants and without the chaos and expense of individual claimants seeking payment of Administrative Claims on a one-off basis. The Administrative Claim Bar Date Procedures provide creditors with sufficient notice and opportunity and a clear process for filing Proofs of Administrative Claims and achieve administrative and judicial efficiency. Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, and allow the conclusion of Debtor's Chapter 11 Case to move forward quickly with minimum of administrative expense and delay.

**II.     The Proposed Notice Procedures Are Reasonable and Appropriate.**

22. Bankruptcy Rule 2002(a)(7) requires that the Debtor provide claimants at least twenty-one (21) days' notice by mail of the time fixed for submitting proofs of claim pursuant to Bankruptcy Rule 3003(c). *See* Fed. R. Bankr. P. 2002(a)(7). Where a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for submitting proofs of claim. *See, e.g., In re Enron Corp.*, No. 01-16034, 2006 WL 898031, at *4 (Bankr. S.D.N.Y. Mar. 29, 2006).

23. The Debtor submits that the relief requested herein provides for clear notice of the Administrative Claims Bar Date consistent with the underlying policies of the Bankruptcy Code. As discussed above, the Debtor wound down its operations and transitioned its remaining employees to the EPA's contractor almost immediately following the Petition Date. Because the Debtor has had very limited post-petition operations and is not operational, the Debtor's Administrative Claims pool is expected to be small. Nonetheless, to the extent the Administrative Claims Bar Date is established, the Debtor intends to use commercially reasonable efforts to cause the Administrative Bar Date Package to be mailed no later than two (2) business days after entry of the Order to each person or entity listed in paragraph 17 above, including those parties on the Matrix. The Matrix consists of nearly 2,700 parties that have had a previous business relationship with the Debtor. By establishing the Administrative Bar Date in accordance with the provisions hereof and providing actual notice to each party on the Matrix pursuant to the procedures set forth herein, the Debtor contends that all creditors of the Debtor will be provided with adequate notice to timely file their Proofs of Administrative Claims consistent with Bankruptcy Rule 2002(a)(7).

24. For all of the reasons stated in this Motion, the Debtor respectfully submits that the Administrative Bar Date and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

## NOTICE

25. The Debtor will provide notice of the hearing to consider this Motion to (i) the US Trustee; (ii) counsel to the Creditors Committee; and (iii) the notice parties set forth in the Procedures Order [Docket No. 144].

## NO PRIOR REQUEST

26. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE** the Debtor respectfully requests entry of an order granting the relief requested herein and such other or further relief as is just.

Dated: December 13, 2019

HODGSON RUSS LLP
*Counsel to Tonawanda Coke Corporation*

/s/ James C. Thoman, Esq.
    James C. Thoman, Esq.
    Garry M. Graber, Esq.
    Jessica P. Chue, Esq.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: (716) 856-4000
Facsimile: (716) 849-0349
Email: jthoman@hodgsonruss.com
      ggraber@hodgsonruss.com
      jchue@hodgsonruss.com