# Exhibit A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In Re:                                          Chapter 11

TONAWANDA COKE CORPORATION,                      Case No. 18-12156

                              Debtor.            Hon. Michael J. Kaplan, U.S.B.J.

_____

## ORDER (I) SETTING A BAR DATE FOR FILING PROOFS OF ADMINISTRATIVE CLAIMS AGAINST THE DEBTOR, (II) ESTABLISHING ADMINISTRATIVE CLAIMS PROCEDURES, (III) APPROVING FORM OF NOTICE, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of Tonawanda Coke Corporation, as debtor and debtor

in possession (the "Debtor"), for entry of an order (this "Order") establishing procedures for the

filing of administrative expense claims, all as more fully set forth in the Motion; and upon the

Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court

having found that venue of this proceeding and the Motion in this district is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion

is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this

Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the

Motion were appropriate and no other notice need be provided; and this Court having reviewed

---

[1]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion. Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

1

the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. This Order shall not modify any bar dates, procedures, deadlines, or any other provision of the *Order Granting Tonawanda Coke Corporation's Motion to Establish August 9, 2019 as the Final Date for filing Proofs of Claim Against the Debtor and Approving Proposed Notice Procedures* [Docket No. 227] entered by this Court.

## I.  The Administrative Bar Date and Procedures for Filing Proofs of Administrative Claim.

3. Each entity that asserts an Administrative Claim against the Debtor that arose on or prior to December 31, 2019 at 11:59 p.m., prevailing Eastern Time shall be required to file an original, written Proof of Administrative Claim, substantially in the form attached hereto as **Exhibit 1** (the "Proof of Administrative Claim").  Except in the cases of certain exceptions explicitly set forth in this Order, all Proofs of Administrative Claim must be filed so that they are actually received by the Clerk of the Court by **February 10, 2020, at 4:00 p.m., prevailing Eastern Time** (the "Administrative Claims Bar Date").

4. All Proofs of Administrative Claim must be filed so as to be ***actually received*** by the Clerk of the Court on or before the Administrative Claims Bar Date.  If Proofs of Administrative Claim are not received on or before such date, except in the case of certain exceptions explicitly set forth in this Order, the holders of the underlying claims shall be barred

- 2 -

from asserting such claims against the Debtor and/or receiving distributions from the Debtor on account of such claims in this Chapter 11 Case.

## II. Parties Exempted from the Administrative Claims Bar Date.

5. The following categories of claimants shall not be required to file a Proof of Administrative Claim by the Administrative Claims Bar Date:

   a. any person or entity with a claim for which a proof of claim substantially conforming to Official Form No. 410 has already been properly and timely filed with the Clerk of the Court of the United States Bankruptcy Court for the Western District of New York (the "Clerk of the Court"), **and** (i) such previously filed proof of claim clearly states that claimant is asserting a claim for administrative priority and (ii) the amount of such claim has not changed;

   b. any person or entity whose claim is subject to a pending motion before the Court as of December 13, 2019 for the payment of an administrative expense claim, including, but not limited to, EPA and Haun Welding Supply Inc.;

   c. any person or entity whose postpetition claim has previously been allowed by order of the Court;

   d. any person or entity whose claim has been paid in full by the Debtor;

   e. any claim asserted solely against any of the Debtor's non-debtor affiliates; and

   f. professional persons compensated pursuant to sections 330 and 331 of the Bankruptcy Code.

## III. Substantive Requirements of Proofs of Administrative Claim.

6. The following requirements shall apply with respect to filing and preparing each Proof of Administrative Claim:

   a. ***Contents.*** Each Proof of Administrative Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the form of Proof of Administrative Claim provided by the Debtor; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant.

- 3 -

b.   ***Supporting Documentation.***  Each Proof of Administrative Claim must include supporting documentation as contemplated by Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of the Debtor's counsel, such Proof of Administrative Claim may include a summary of such documentation.

c.   ***Where and when to file.***  Each Proof of Administrative Claim (including supporting documentation related thereto) must be filed so that it is ***actually received*** by the Clerk of the Court on or before the Administrative Claims Bar Date via (i) electronically filing such Proof of Administrative claim through the Court's CM/ECF electronic system or (ii) U.S. Mail or hand-delivery to the following address:

Clerk of the Court
United States Bankruptcy Court, WDNY
2 Niagara Square
Buffalo, New York 14202

**PROOFS OF ADMINISTRATIVE CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED.**

**IV.   Procedures for Providing Notice of the Bar Date.**

**A.   Mailing of Bar Date Notices.**

7.   No later than two business days after the Court enters this Order, the Debtor shall cause a written notice of the Administrative Claims Bar Date, substantially in the form attached hereto as **<u>Exhibit 2</u>** (the "<u>Administrative Bar Date Notice</u>") and a form of Proof of Administrative Claim (together with the Administrative Bar Date Notice, the "<u>Administrative Bar Date Package</u>") to be served via first class mail to the following entities:

a.   the Office of the United States Trustee for the Western District of New York;

b.   counsel to the official committee of unsecured creditors (the "<u>Committee</u>");

c.   all known holders of claims listed on the Schedules at the addresses stated therein;

d.   the District Director of Internal Revenue for the Western District of New York;

e.   all known creditors and parties in interest listed on the Matrix; and

- 4 -

> f.  all persons and entities requesting notice pursuant to Bankruptcy Rule 2002 as of the date of entry of the order approving this Motion.

8.  The Debtor shall serve the Administrative Bar Date Package to all entities mentioned above at their last known mailing address, as reflected in the Debtor's books and records at such time.

## V.  Consequences of Failure to File a Proof of Administrative Claim.

9.  Any entity that is required, but fails, to file a Proof of Administrative Claim in accordance with the Order on or before the Administrative Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing a Proof of Administrative Claim with respect thereto) and the Debtor and its property shall be forever released from any and all indebtedness or liability with respect to or arising from such claim.

10.  Any such entity who is required, but fails, to file a Proof of Administrative Claim in accordance with the Order on or before the Administrative Bar Date shall be prohibited from participating in any distribution in this Chapter 11 Case on account of such claim or receiving further notices regarding such claim.

## VI.  Miscellaneous.

11.  Except as otherwise set forth herein or otherwise ordered by the Court, all requests for the payment of postpetition claims (including any administrative claim allowable under 11 U.S.C. § 503(b) and entitled to priority pursuant to 11 U.S.C. § 507), should be filed pursuant to this Order, and the Debtor and other parties in interest shall not otherwise be required to respond to any motions, applications, or other requests for allowance and payment of such claims filed on or after December 13, 2019.

Case 1-18-12156-CLB,  Doc 402-1,  Filed 12/13/19,  Entered 12/13/19 15:04:41,  Description: Exhibit A - Proposed Order, Page 6 of 13

12.     The filing of any Administrative Claim pursuant to these Administrative Claims Procedures shall not limit or impair the Debtor's right to object to the validity, amount, propriety, or any other feature of any such Administrative Claim on any basis.

13.     The Debtor, in consultation with the Committee, may request separate relief with respect to the adjudication and allowance of Administrative Claims.

14.     Notice of the Administrative Claims Bar Date as set forth in this Order and in the manner set forth herein (including, but not limited to, the Administrative Bar Date Package) constitutes adequate and sufficient notice of the Administrative Claims Bar Date and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

15.     The Debtor is authorized and empowered to take all actions and perform such acts as may be necessary to effectuate the relief granted pursuant to this Order.

16.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

17.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: January _____, 2020
       Buffalo, NY

                                    _____
                                    HONORABLE MICHAEL J. KAPLAN, U.S.B.J.

- 6 -

# EXHIBIT 1 TO ORDER

[Form of Proof of Administrative Claim]

1

# UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF NEW YORK

# PROOF OF ADMINISTRATIVE CLAIM

Name of Debtor:

TONAWANDA COKE CORPORATION          Case No. 18-12156

NOTE: This form should only be used by claimants as specified in the Notice of the Administrative Expense Claims Bar Date. IT SHOULD NOT BE USED FOR CLAIMS EXCLUDED BY SAID NOTICE NOR SHOULD IT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND AND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(b) AND 507(a)(2)

Name and address of Creditor (The person or other entity to whom the debtor owes money or property):

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone No. of Creditor:

| Creditor Tax ID #: | Account or other number by which Creditor identifies Debtor: | Check here if this claim | ☐ replaces ☐ amends | a previously filed claim, dated: _____ prior claim number, if known: _____ |

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries and compensation (fill out below)
Last four digits of SS #: _____
Unpaid compensations for services performed
from _____ to _____
          (date)                    (date)

**2.  Date debt was incurred:**

**3.   If court judgment, date obtained:**

**4.   Total Amount of Administrative Claim:   $_____**

☐   Check this box if your claim includes interest or other charges in addition to the principal amount of the claim.  Attach itemized statement of all interest or additional charges.

**5.   Brief Description of Claim (attach any additional information):**

**6.   Offsets, Credits and Setoffs**

☐ All payments made on this claim by the Debtor have been credited and deducted from the amount claimed hereon

☐ This claim is not subject to any setoff or counterclaim

☐ This claim is subject to any setoff or counterclaim as follows:

**7.   Assignment:**

☐ If the claimant has obtained this claim by assignment, a copy is attached hereto.

**8.   Supporting Documents:**  *Attach copies of supporting documents.*  DO NOT SEND ORIGINAL DOCUMENTS.

**9.   Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Check the appropriate box:

☐ I am the creditor.

☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)

☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)

☐ I am a guarantor, surety, endorser, or other codebtor. (See Bankruptcy Rule 3005.)

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

_____
(Signature)                              (Date)

Print Name: _____
Title: _____
Company: _____
Address and telephone number (if different from notice address above):
_____
_____
Email: _____

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR FILING PROOF OF ADMINISTRATIVE EXPENSE CLAIM

*The instructions and definitions below are general explanations of the law.  In particular types of cases or circumstances there may be exceptions to the general rules.*

**Debtor:**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.  In this case the Debtor is Tonawanda Coke Corporation (Case No. 18-12156).

**Administrative Expense Claims Bar Date:**
By Order of the United States Bankruptcy Court for the Western District of New York, all requests for the allowance of an Administrative Expense Claim must be filed so as to be received at the address set forth below no later than **|_____|, 2020 at 4:00 p.m., prevailing Eastern Time**.

**Administrative Expense Claim:**
A claim for payment of an administrative expense of a kind specified in Section 503(b) of the Bankruptcy Code and entitled to priority pursuant to Section 507(a)(2) of the Bankruptcy Code, and as specified in the Notice of Administrative Expense Claims Bar Date.

---

1.  Please read this Proof of Administrative Expense Claim form carefully and fill it in completely and accurately.

2.  Print legibly.  Your claim may be disallowed if it cannot be read and understood.

3.  You must specify the Debtor you are asserting a claim against and its appropriate case number.

4.  This Proof of Administrative Expense Claim must be completed in English.  The amount of any Administrative Expense Claim must be denominated in United States currency.

5.  Attach additional pages if more space is required to complete this Proof of Administrative Expense Claim.

6.  This form should only be used by a claimant asserting an Administrative Expense Claim.  It should not be used for claims excluded by the Notice of Administrative Expense Claims Bar Date, and should not be used for any claims that are not entitled to priority in accordance with 11 U.S.C. §§ 503(b) and 507(a).

7.  Proofs of Administrative Expense Claim  must be submitted via (i) electronically filing such Proof of Administrative claim through the Court's CM/ECF electronic system or (ii)  United States mail or  hand delivery, so as to be **actually received** by the Clerk of the Court on or before the Administrative Claims Bar Date at the following address:

**Clerk of the Court**
**United States Bankruptcy Court, WDNY**
**2 Niagara Square**
**Buffalo, New York 14202**

**PROOFS OF ADMINISTRATIVE CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

8.  To be considered timely filed, this Proof of Administrative Expense Claim must be actually received by the Clerk of the Court by **|_____|, 2020 at 4:00 p.m., prevailing Eastern Time** and must include appropriate documents/materials establishing the claimants entitlement to an allowed Administrative Expense Claim and the amount of your asserted claim.

# EXHIBIT 2 TO ORDER

[Administrative Bar Date Notice]

Case 1-18-12156-CLB,    Doc 402-1,    Filed 12/13/19,    Entered 12/13/19 15:04:41,
Description: Exhibit A - Proposed Order, Page 11 of 13

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In Re:                                            Chapter 11

TONAWANDA COKE CORPORATION,                       Case No. 18-12156

                        Debtor.                   Hon. Michael J. Kaplan, U.S.B.J.

_____

### NOTICE OF DEADLINE FOR FILING OF ADMINISTRATIVE PROOFS OF CLAIM
### ON OR BEFORE FEBRUARY 10, 2020 AT 4:00 P.M. PREVAILING EASTERN TIME

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST TONAWANDA COKE CORPORATION:

**PLEASE TAKE NOTICE** that on January ___, 2020, the Court entered an order (the "Order") establishing **February 10, 2020 at 4:00 p.m.**, Prevailing Eastern Time, as the deadline (the "Administrative Claim Bar Date") for the filing of administrative proofs of claim against Tonawanda Coke Corporation (the "Debtor"). The Administrative Claims Bar Date and the procedures set forth below for the filing of a Proof of Administrative Claim (as defined below) apply to all parties holding administrative expense claims ("Administrative Claims") against the Debtor.

1.      **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Administrative Claim if you have an Administrative Claim arising on or before December 31, 2019 at 11:59 p.m. Eastern Standard Time and it is not one of the other types of claims described in the section 2 below.

Under § 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.      **WHO SHOULD <u>NOT</u> FILE A PROOF OF CLAIM**

You should not file a Proof of Administrative Claim if:

a.      You have already properly and timely filed a claim for which a proof of claim substantially conforming to Official Form No. 410 with the Clerk of the Court of the United States Bankruptcy Court for the Western District of New York (the "Clerk of the Court"), **and** (i) such previously filed proof of claim clearly states that you are asserting a claim for administrative priority and (ii) the amount of such claim has not changed.

b.      any person or entity whose claim is subject to a pending motion before the Court as of December 13, 2019 for the payment of an administrative expense claim, including, but not limited to, the United States Environmental Protection Agency and Haun Welding Supply Inc.;

c.      Your postpetition claim has previously been allowed by order of the Court.

d.      Your claim has been paid in full by the Debtor.

1

e.     You are asserting a claim solely against any of the Debtor's non-debtor affiliates.

f.     You are a professional person compensated pursuant to sections 330 and 331 of the Bankruptcy Code.

**YOU SHOULD NOT FILE A PROOF OF ADMINISTRATIVE CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTOR.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE AN ADMINISTRATIVE CLAIM OR THAT THE DEBTOR OR THE COURT BELIEVE THAT YOU HAVE AN ADMINISTRATIVE CLAIM.**

3.     **WHEN AND WHERE TO FILE**

Each Proof of Administrative Claim (including supporting documentation related thereto) must be filed so that it is ***actually received*** by the Clerk of the Court on or before the Administrative Claims Bar Date via (i) electronically filing such Proof of Administrative claim through the Court's CM/ECF electronic system or (ii) U.S. Mail or hand-delivery to the following address:

> Clerk of the Court
> United States Bankruptcy Court, WDNY
> 2 Niagara Square
> Buffalo, New York 14202

**\*\*PROOFS OF ADMINISTRATIVE CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED.\*\***

4.     **WHAT TO FILE**

Each Proof of Administrative Claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the form of proof of claim that is enclosed with this Notice and attached as Exhibit 1 to the Order (the "Proof of Administrative Claim"); and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant.

Each Proof of Administrative Claim must include supporting documentation as contemplated by Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of the Debtor's counsel, such Proof of Administrative Claim may include a summary of such documentation.

**EXCEPT FOR CLAIMS OF THE TYPE EXPRESSLY SET FORTH IN SECTION 2, ANY ENTITY THAT IS REQUIRED, BUT FAILS, TO FILE A PROOF OF ADMINISTRATIVE CLAIM IN ACCORDANCE WITH THE ORDER ON OR BEFORE THE ADMINISTRATIVE BAR DATE SHALL BE <u>FOREVER BARRED, ESTOPPED, AND ENJOINED</u> FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR (OR FILING A PROOF OF ADMINISTRATIVE CLAIM WITH RESPECT THERETO) AND THE DEBTOR AND ITS PROPERTY SHALL BE FOREVER RELEASED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM. MOREOVER, SUCH CREDITOR SHALL BE <u>PROHIBITED FROM OBJECTING TO ANY PLAN WITH RESPECT TO THE TREATMENT OF ITS ALLEGED ADMINISTRATIVE CLAIM, PARTICIPATING IN ANY DISTRIBUTION IN THIS CHAPTER 11 CASE ON ACCOUNT OF SUCH CLAIM, OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.</u>**

DATED:     January           , 2020
           Buffalo, New York

BY ORDER OF THE COURT