UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In Re:                                       Chapter 11

TONAWANDA COKE CORPORATION,                  Case No. 18-12156

                Debtor.        Hon. Carl L. Bucki, U.S.B.J.

_____

**NOTICE OF HEARING ON MOTION OF DEBTOR FOR ENTRY OF ORDER (A) APPROVING NOTICE OF HEARING ON DISCLOSURE STATEMENT; (B) SCHEDULING HEARING ON CONFIRMATION OF PLAN; (C) ESTABLISHING DEADLINES AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; (D) APPROVING (I) THE FORM OF NOTICE OF THE HEARING ON CONFIRMATION AND RELATED MATTERS, (II) SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, AND (III) FORMS OF BALLOTS; (E) ESTABLISHING A VOTING DEADLINE AND PROCEDURES FOR TABULATION OF VOTES; AND (F) GRANTING RELATED RELIEF**

       **PLEASE TAKE NOTICE** that, at a hearing to be held either telephonically or in person before the Honorable Carl L. Bucki, Chief Judge of the United States Bankruptcy Court for the Western District of New York, 2 Niagara Square, Jackson Courthouse, 5th Floor, Jackson Courtroom, Buffalo, New York 14202 (the "Bankruptcy Court") on **October 19, 2023, at 10:00 a.m. (Eastern Time)**, Debtor, Tonawanda Coke Corporation, as debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), shall move (the "Motion") for entry of an order (the "Solicitation Procedures Order") pursuant to sections 105(a), 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 3003, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1 of the Local Bankruptcy Rules for the Western District of New York (the "Local Rules"), (a) approving the form and manner of notice of a hearing to approve the disclosure statement; (b) scheduling a hearing on confirmation of a plan; (c) establishing deadlines and procedures for filing objections to confirmation of the plan; (d) approving (i) the form of notice of the hearing on confirmation and related matters, (ii)

solicitation packages and procedures for distribution and (iii) forms of ballots; (e) establishing a voting deadline and procedures for tabulation of votes; and (f) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that pursuant to, and in furtherance of, the Administrative Order issued by the United States Bankruptcy Court for the Western District of New York on March 29, 2023, ***parties may appear either telephonically or in person*** before Judge Carl L. Bucki.  To appear telephonically, parties should call the telephone conference system, sufficiently in advance of the assigned time, by: (A) dialing (571) 353-2301, (B) when prompted for the "number you wish to dial", dial 483077448#, and (C) when prompted for the security pin, dial 9999#.  Parties are encouraged to advise Chambers of their intent to participate, in order to allow the Court to anticipate their presence.

**PLEASE TAKE FURTHER NOTICE** that the Motion has been electronically filed with the Clerk of the Bankruptcy Court and, as such, may be examined and inspected by contacting the respective applicant or by accessing the Court's website (http://www.nywb.uscourts.gov).

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Motion may be raised orally at the hearing or, if in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Western District of New York,  and served upon the following parties: (a) counsel to the Debtor, Hodgson Russ LLP at The Guaranty Building, 140 Pearl Street, Suite 100, Buffalo, New York 14202, Attention: James C. Thoman, Esq.; (b) counsel to the Official Committee of Unsecured Creditors, Baumeister Denz LLP at 174 Franklin Street, Suite 2, Buffalo, New York 14202, Attention: Arthur Baumeister, Esq.; and (c) the Office of the United States Trustee for the

Case 1-18-12156-CLB,    Doc 731,    Filed 09/27/23,    Entered 09/27/23 16:25:50,
Description: Main Document  , Page 2 of 18

Western District of New York, Olympic Towers, 300 Pearl Street, Suite 401, Buffalo, New York 14202, Attn: Joseph W. Allen, Esq.

Dated: September 27, 2023           HODGSON RUSS LLP
       Buffalo, New York           *Counsel to Tonawanda Coke Corporation*

                                    */s/ James C. Thoman*
                                      James C. Thoman, Esq.
                                      Jessica P. Chue, Esq.
                                 The Guaranty Building
                                 140 Pearl Street, Suite 100
                                 Buffalo, New York  14202
                                 Telephone:  (716) 856-4000
                                 Facsimile:  (716) 849-0349
                                 Email: jthoman@hodgsonruss.com
                                           jchue@hodgsonruss.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In Re:

TONAWANDA COKE CORPORATION,

                Debtor.

Chapter 11

Case No. 18-12156

Hon. Carl L. Bucki, U.S.B.J.

---

**MOTION OF DEBTOR FOR ENTRY OF ORDER (A) APPROVING NOTICE OF HEARING ON DISCLOSURE STATEMENT; (B) SCHEDULING HEARING ON CONFIRMATION OF PLAN; (C) ESTABLISHING DEADLINES AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; (D) APPROVING (I) THE FORM OF NOTICE OF THE HEARING ON CONFIRMATION AND RELATED MATTERS, (II) SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, AND (III) FORMS OF BALLOTS; (E) ESTABLISHING A VOTING DEADLINE AND PROCEDURES FOR TABULATION OF VOTES; AND (F) GRANTING RELATED RELIEF**

Tonawanda Coke Corporation, as debtor and debtor in possession in the above-captioned chapter 11 case (collectively, the "Debtor"), hereby moves (the "Motion") for entry of an order (the "Solicitation Procedures Order") pursuant to sections 105(a), 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 3003, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1 of the Local Bankruptcy Rules for the Western District of New York (the "Local Rules"), (a) approving the form and manner of notice of a hearing to approve the disclosure statement; (b) scheduling a hearing on confirmation of a plan; (c) establishing deadlines and procedures for filing objections to confirmation of the plan; (d) approving (i) the form of notice of the hearing on confirmation and related matters, (ii) solicitation packages and procedures for distribution and (iii) forms of ballots; (e) establishing a voting deadline and procedures for tabulation of votes; and (f) granting related relief. In support of the Motion the Debtor respectfully represents as follows:

## BACKGROUND

1.  On October 15, 2018 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") for relief under the Bankruptcy Code with the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court" or "Court"), commencing the Debtor's Chapter 11 case (the "Chapter 11 Case"). The Debtor continues to manage its assets as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for a trustee or examiner has been made in this Chapter 11 Case and, as of the date of the filing of this Motion, other than the Committee (as defined below) no official committees have been appointed or designated.

2.  Additional information about the Debtor's businesses, the events leading up to the Petition Date and the Debtor's Chapter 11 petition can be found in the Declaration of Michael K. Durkin in Support of Chapter 11 Petition and First Day Motions (the "Durkin Declaration") [Docket No. 9]. The Debtor relies on the Durkin Declaration in support of the Motion and incorporates it herein by reference.

3.  The Debtor is a New York Corporation which operated as a battery of coke ovens at 3785 River Road in Tonawanda, New York. Through this bankruptcy proceeding, the Debtor has ceased all of its operations and liquidated substantially all of its assets.

4.  On July 15, 2019, the United States Trustee for the Western District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102(a) of the Bankruptcy Code [Docket No. 262].

5.  On June 5, 2019, the Court entered an order [Docket No. 227] which established

August 9, 2019 as the deadline to file proofs of claim related to pre-petition claims against the Debtor.

6. On January 15, 2020, the Court entered an order [Docket No. 430], which established February 10, 2020 as the deadline to file administrative claims proofs of claim against the Debtor.

7. On January 2, 2019, the Court entered an order [Docket No. 144] (the "Case Management Order") which established certain notice, case management, and administrative procedures therein (collectively, the "Case Management Procedures"). The Case Management Procedures permitted the Debtor to serve notice to a limited service list, the "Master Service List" as defined in Case Management Procedures, rather than the entire creditor matrix, however, the right to serve notice upon the limited Master Service List did not extend to notices of the hearings to consider approval of a disclosure statement, confirmation of a plan and notice and transmittal of ballots for accepting or rejecting a chapter 11 plan, unless otherwise ordered by the Court. The proposed Solicitation Procedures will allow for an efficient means to provide adequate notice of the confirmation process and provide for an efficient use of estate assets.

## JURISDICTION

8. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

9. Venue of this proceeding and this Motion are proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

10. By the Motion, the Debtor requests, among other things, entry of the Solicitation Procedures Order, substantially in the form attached hereto, (a) approving the form and manner of notice of a hearing to approve the disclosure statement; (b) scheduling a hearing on confirmation of a plan; (c) establishing deadlines and procedures for filing objections to confirmation of the plan; (d) approving (i) the form of notice of the hearing on confirmation and related matters, (ii) solicitation packages and procedures for distribution and (iii) forms of ballots; (e) establishing a voting deadline and procedures for tabulation of votes; and (f) granting related relief.

11. By this Motion, the Debtor seeks entry of an order approving and implementing the notice and administrative procedures related to approval of the disclosure statement and plan confirmation (collectively, the "Solicitation Procedures"). The Debtor further requests that, to the extent the Solicitation Procedures conflict with the Bankruptcy Rules or the Local Rules or the Case Management Procedures, the Solicitation Procedures shall govern and supersede such rules. A proposed form of the Solicitation Procedures Order is attached hereto as **Exhibit A**.

12. By this Motion and the Debtor's request for approval of the Solicitation Procedures, the Debtor seeks to deviate from the notice requirements under the Case Management Procedures because the current creditor matrix contains approximately 2,700 individuals and businesses that the Debtor has come to identify were not, in fact, creditors of the Debtor as of the Petition Date, to the best of its knowledge. While these parties were not creditors as of the Petition Date, the Debtor erred on the side of caution to provide notice of its bankruptcy case to both current creditors and parties it may have done business with in the past.

To date, the Debtor has received approximately 900 pieces of returned mail identified as undeliverable that were mailed out to the creditor matrix. The Debtor has identified its known creditors on its schedules, as amended, which have been filed with the Court. The proposed Solicitation Procedures will allow for an efficient means to provide adequate notice of the confirmation process to effect due process and provide for an efficient use of estate assets.

## THE SOLICITATION PROCEDURES

13. On the date hereof, the Debtor filed the Plan of Liquidation of Tonawanda Coke Corporation (as the same may be amended, modified or supplemented from time to time, the "Plan")[1] and the Disclosure Statement for Plan of Liquidation of Tonawanda Coke Corporation (as the same may be amended, modified or supplemented from time to time, the "Disclosure Statement").

14. Concurrently herewith, the Debtor has requested that the hearing to consider the adequacy of the Disclosure Statement (the "Disclosure Statement Hearing") be set for a hearing in October 2023.

15. To facilitate consideration of the Disclosure Statement and the Plan, the Debtor seeks entry of the Solicitation Procedures Order.

16. The proposed Solicitations Procedures Order seeks to establish requirements for filing and serving notice of the hearing on approval of the Disclosure Statement, mailing of notice of the confirmation hearing and balloting materials (collectively, the "Documents").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

A. **Notice of Hearing on Disclosure Statement**

17. The Debtor hereby requests that the Court approve the form of Notice of Hearing on Approval of Disclosure Statement attached hereto as **Exhibit B** (the "Disclosure Statement Hearing Notice"), which the Debtor proposes to send to all parties on the creditors matrix other than parties the Debtor had previously mailed a notice, and received either of such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved–left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtor has been informed in writing by such person or entity of its new address (the "Creditor Matrix") . The Disclosure Statement Hearing Notice will provide sufficient notice to all parties on the Creditor Matrix (subject to paragraph 27 of this Motion) of the hearing to approve the Disclosure Statement and will indicate in such Notice that a copy of the Disclosure Statement and the Plan will be sent to the applicable creditor upon request to counsel for the Debtor. Parties on the Master Service List (as defined by the Case Management Order) shall receive full copies of the Disclosure Statement (which includes a copy of the Plan).

B. **Scheduling Hearing on Confirmation of the Plan**

18. Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a). Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c). In accordance with the provisions of section 1128(a) of the Bankruptcy Code and Bankruptcy Rule 3017, the Debtor requests that the Court set a hearing date (the "Confirmation Hearing Date"), for confirmation of the Plan (the "Confirmation Hearing"). The Debtor also requests that the Court order that the Confirmation

Hearing may be continued from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest.

### C. Deadline and Procedures for Filing Objections to Confirmation of the Plan

19.     Bankruptcy Rule 3020(b)(1) provides that objections to confirmation of a proposed plan must be filed with the Bankruptcy Court and served on the debtor, the trustee, the proponent of the plan, any committee appointed under the Bankruptcy Code and on any other entity designated by the Bankruptcy Court, "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1). Additionally, Bankruptcy Rule 2002(b) requires at least twenty-eight (28) days' notice by mail to all creditors and indenture trustees of the time fixed for filing objections to and the hearing to consider confirmation of a chapter 11 plan. *See id*. 2002(b).

20.     In accordance with the Bankruptcy Rules 2002(b) and 3020(b)(1), the Debtor requests that the Court establish a date at least one week in advance of the Confirmation Hearing as the deadline for filing and serving objections to the Plan (the "Plan Objection Deadline"). The Debtor requests that the Court consider only timely filed and served objections to confirmation of the Plan, and that objections not timely filed and served in accordance with the provisions of the immediately following paragraph be overruled.

21.     The Debtor further requests that the Court direct that objections to confirmation of the Plan, if any, (i) be made in writing; (ii) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (iii) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtor, its estate or property; (iv) state with particularity the legal and factual bases and nature of any objection to the Plan; and (v) be filed with the Court, and served on the following parties (collectively, the "Notice Parties"), so as to be received on or before the Plan Objection Deadline: (a) counsel to

the Debtor, Hodgson Russ LLP, 140 Pearl Street, Suite 100, Buffalo, New York 14202 (Attn: James C. Thoman, Esq.); (b) counsel to the Official Committee of Unsecured Creditors, Baumeister Denz LLP, 174 Franklin Street, Suite 2, Buffalo, New York 14202 (Attn: Arthur G. Baumeister, Jr., Esq.); and (d) the Office of the United States Trustee, Olympic Towers, 300 Pearl Street, Suite 401, Buffalo, New York 14202 (Attn: Joseph W. Allen, Esq.).

### D. Notice of the Hearing on Confirmation, the Solicitation Packages and Procedures for Distribution

22. Bankruptcy Rule 3017(d) provides that, upon approval of a disclosure statement, a debtor in possession "shall mail to all creditors and equity security holders" and the United States Trustee:

(1) the plan or a court-approved summary of the plan;

(2) the disclosure statement approved by the Court;

(3) notice of the time within which acceptances and rejection of the plan may be filed; and

(4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

Fed. R. Bankr. P. 3017(d).

23. Bankruptcy Rule 3017(d) further requires that a notice of the time for filing objections to and the hearing on confirmation of the plan be mailed to all creditors and equity security holders pursuant to Bankruptcy Rule 2002(b) and that a form of ballot conforming to the appropriate Official Form be mailed to creditors entitled to vote on the Plan. *Id.*

24. As mentioned above, the current creditor matrix contains approximately 2,700 individuals and businesses that to the best of its knowledge, the Debtor has come to identify were not, in fact, creditors of the Debtor as of the Petition Date and a significant number of notices

003367.00069 Litigation 16617638v4
Case 1-18-12156-CLB, Doc 731, Filed 09/27/23, Entered 09/27/23 16:25:50, Description: Main Document , Page 11 of 18

sent to such creditors on the creditor matrix have been returned as undeliverable. While the Debtor plans to send each creditor on the Creditor Matrix (subject to paragraph 27) the Disclosure Statement Hearing Notice, the Debtor proposes to send full paper copies of the Disclosure Statement and Plan only to parties on the Master Service List (as defined in the Case Management Order) while giving all other interested parties the option for paper copies to be provided if requested from Debtor's counsel. Moreover, the Debtor is proposing to send notice of the Confirmation Hearing to a limited subsect of parties as further set forth in paragraph 29 below; the Debtor believes that such limited subsect of parties represents all of the interested parties in this Chapter 11 Case but does not include each and every party on the creditor matrix. Notwithstanding such belief, the Debtor will nonetheless, out of an abundance of caution, provide the Disclosure Statement Hearing Notice to all creditors on the Creditor Matrix and such notice will inform all creditors that future notice of the Confirmation Hearing will be limited.

25. Given the size and scope of this Chapter 11 Case, the creditor matrix, and the proposed Disclosure Statement and Plan, the Debtor believes these the Solicitation Procedures will facilitate service of Documents that will be less burdensome and costly than serving full copies of the Documents on every party listed on the Debtor's matrix, which, in turn, will maximize stakeholder recoveries and the efficiency and orderly administration of this Chapter 11 Case, while at the same time ensuring that appropriate notice is provided, particularly to parties who have expressed an interest in these cases and those directly affected by the proposed Plan.

26. The Debtor submits that such limited disclosure is consistent with Bankruptcy Rule 3017(d). Nonetheless, out of an abundance of caution, the Debtor requests that the Notice of Disclosure Statement be deemed to constitute adequate alternative disclosure to impaired non-voting classes under section 1125(c) of the Bankruptcy Code and summary plans under

Bankruptcy Rule 3017(d).

27. <u>When No Notice or Transmittal Necessary</u>.  Because sending Solicitation Packages and other notices to outdated or otherwise improper addresses results in needless expense to the Debtor's estate, the Debtor requests authority not to provide notice or service of any kind upon any person or entity to whom the Debtor had previously mailed a notice, and received either of such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved–left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtor has been informed in writing by such person or entity of its new address.

28. Moreover, the Debtor anticipates that some of the notices, Solicitation Packages or other solicitation-related notices described herein may be returned as undeliverable.  The Debtor requests that it not be required to re-mail undelivered Solicitation Packages or other undeliverable solicitation-related notices that were returned marked "undeliverable as addressed," "moved–left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtor has been informed in writing by such person or entity of its new address.

(1) <u>The Confirmation Hearing Notice</u>

29. Within three (3) business days after the date an order approving the Disclosure Statement is entered by the Court, the Debtor proposes to mail or cause to be mailed by first-class mail to (i) all known creditors of the Debtor, as reflected in the Debtor's schedules and parties who filed proofs of claim, (ii) all known equity security holders of the Debtor, as reflected in the Debtor's books and records, (iii) any party that has requested a copy of the

Disclosure Statement and (iv) the parties on the Master Service List, a notice of, *inter alia,* the Notice of Confirmation Hearing substantially in the form attached to this Motion as **Exhibit C** (the "Confirmation Hearing Notice"), which form the Debtor hereby requests the Court approve. The Confirmation Hearing Notice contains, among other things: (a) the time, date and place for the Confirmation Hearing; (b) the deadline to file objections to plan confirmation and the manner in which objections shall be filed; (c) a disclosure regarding the release, exculpation and injunction provisions of Article IX of the Plan; and (d) instructions on how to obtain copies of any of the Plan documents. The Debtor hereby requests the Court find that the Confirmation Hearing Notice complies with the requirements of Bankruptcy Rule 2002(b) and (d). The Debtor further requests that the Court determine that the Confirmation Hearing Notice contains sufficient disclosures regarding the release, exculpation and injunction provisions of Article IX of the Plan.

(2) Solicitation Packages

30. Within three (3) business days after the date an order approving the Disclosure Statement is entered by the Court, the Debtor proposes to mail or cause to be mailed by first-class mail to all parties entitled to vote, a solicitation package (the "Solicitation Package") containing an appropriate ballot (the "Ballot") (as described below) for accepting or rejecting the Plan and a copy of IRS Form W-9. Because the same parties will have already received copies of the Disclosure Statement Hearing Notice and the Confirmation Hearing Notice, each of which contains instructions on how to obtain copies of the Solicitation Procedures Order, the Disclosure Statement and the Plan, such documents will not be included in the Solicitation Package.

31. Bankruptcy Rule 3017(d) provides that ballots for accepting or rejecting a plan of

reorganization should conform substantially to Official Form No. 14. The form of Ballots for Class 2 and Class 3 Claimants, attached hereto as **Exhibit D**, are derived from Official Form No. 14, but include certain modifications and instructions necessary to facilitate voting and to meet the particular requirements of the Plan. Holders of Class 2 Claims (General Unsecured Claims) and Class 3 Claims (Tort Claims) are the only holders of claims or interests who are entitled to vote to accept or reject the Plan.

32. So as to avoid duplication and reduce expense, and except as otherwise set forth herein, the Debtor proposes that (a) creditors holding (i) claims in impaired Class 2 and Class 3 receive only the Solicitation Package appropriate for the impaired class; and (b) creditors who have filed duplicate claims in Class 2 or Class 3 (i) receive only one Solicitation Package and one Ballot for voting their claims with respect to such class; and (ii) be entitled to vote their claim only once with respect to such class.

E. **Establishment of Voting Deadline and Procedures for Tabulation**

33. Voting Deadline. Bankruptcy Rule 3017(c) requires the Court to "fix a time within which the holders of claims and interests may accept or reject the plan . . . ." Fed. R. Bankr. P. 3017(c). The Debtor requests that the Court fix a voting deadline (the "Voting Deadline") as the deadline by which all Ballots for accepting or rejecting the Plan must be received if they are to be counted. The Debtor also requests that it be permitted, in its sole discretion, to extend the period of time during which Ballots will be accepted for any reason from any creditor or class of creditors

34. <u>Voting Tabulation Procedures</u>.  The Debtor proposes to use the following hierarchy for purposes of determining the amount of a claim used to calculate acceptance or rejection of the Plan under section 1126 of the Bankruptcy Code:

  a. if an order has been entered by the Court determining the amount of such claim, whether pursuant to Bankruptcy Rule 3018 or otherwise, then in the amount prescribed by the order;

  b. if no such order has been entered, then in the liquidated amount contained in a timely-filed proof of claim that is not the subject of an objection as of the Record Date (as defined below); and

  c. if no such proof of claim has been timely filed, then in the liquidated, noncontingent and undisputed amount contained in the Debtor's Schedules.

35. In addition, the Debtor proposes to use the following conditions for purposes of determining the voting amounts and/or classifications:

  a. if a claim is partially liquidated and partially unliquidated, such claim shall be allowed for voting purposes only in the liquidated amount;

  b. if a scheduled or filed claim has been paid, such claim shall be disallowed for voting purposes; and

  c. the holder of a timely-filed proof of claim that is filed in a wholly unliquidated, contingent, disputed, and/or unknown amount, and is not the subject of an objection as of the Record Date, is entitled to vote in the amount of $1.00.

36. Bankruptcy Rule 3017(d) provides that, "the date the order approving the disclosure statement is entered" shall be the record date (the "Record Date") for determining the "holders of stock, bonds, debentures, notes and other securities" entitled to receive ballots and materials specified in Bankruptcy Rule 3017(d).  Fed. R. Bankr. P. 3017(d).

37. The foregoing procedures regarding the provision of notice of the Confirmation Hearing and related matters comply with Bankruptcy Rules 2002 and 3017.  Accordingly, the

Debtor requests that the Court approve the above-described notices as good and sufficient in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

## **NOTICE**

38. Notice of this Motion has been provided to (i) the Office of the United States Trustee; and (ii) the parties on the Master Service List (collectively, the "Notice Parties"). The Debtor respectfully submits that no further notice is required.

39. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE the Debtor respectfully requests entry of the Solicitation Procedures Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: September 27, 2023

**HODGSON RUSS LLP**
*Counsel for Debtor and Debtor in Possession*

By: /s/ James C. Thoman
 James C. Thoman, Esq.
 Jessica P. Chue, Esq.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202-4040
716.856.4000
jthoman@hodgsonruss.com
jchue@hodgsonruss.com