# Exhibit A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Chapter 11 |
| TONAWANDA COKE CORPORATION, | Case No. 18-12156 |
| Debtor. | Hon. Carl L. Bucki, U.S.B.J. |

**ORDER (A) APPROVING NOTICE OF HEARING ON DISCLOSURE STATEMENT; (B) SCHEDULING HEARING ON CONFIRMATION OF PLAN; (C) ESTABLISHING DEADLINES AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; (D) APPROVING (I) THE FORM OF NOTICE OF THE HEARING ON CONFIRMATION AND RELATED MATTERS, (II) SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION AND (III) FORMS OF BALLOTS; (E) ESTABLISHING A VOTING DEADLINE AND PROCEDURES FOR TABULATION OF VOTES; AND (F) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of Tonawanda Coke Corporation, the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") for entry of an order, (the "Solicitation Procedures Order") pursuant to sections 105(a), 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 3003, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1 of the Local Bankruptcy Rules for the Western District of New York (the "Local Rules"), (a) approving a form of notice of hearing on the disclosure statement; (b) scheduling a hearing on confirmation of a plan; (c) establishing deadlines and procedures for filing objections to confirmation of the plan; (d) approving (i) the form of notice of the hearing on confirmation and related matters, (ii) solicitation packages and procedures for distribution and (iii) forms of ballots; (e) establishing a voting deadline and procedures for

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

tabulation of votes; and (f) granting related relief; and the Debtor having filed the Plan of Liquidation of Tonawanda Coke Corporation [Docket No. ___] (as may be amended, supplemented or otherwise modified, the "Plan") and the Disclosure Statement with Respect to Plan of Liquidation of Tonawanda Coke Corporation [Docket No. ___] (the "Disclosure Statement"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and all objections to Motion having been withdrawn or overruled for the reasons stated on the record at the hearing to consider approval of the Motion; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED to the extent set forth herein.

2. <u>Notice of Hearing on the Disclosure Statement</u>. The form of notice of the hearing to approve the Disclosure Statement annexed to the Motion as Exhibit B is hereby APPROVED.

3. <u>Service of Disclosure Statement Hearing Notice</u>. The Debtor's proposed service of the Disclosure Statement Hearing Notice on all parties on the creditors matrix other than parties the Debtor had previously mailed a notice, and received either of such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved–left

no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtor has been informed in writing by such person or entity of its new address (the "Creditor Matrix") is hereby approved as adequate. Parties on the Master Service List (as defined by the Case Management Order) shall receive full copies of the Disclosure Statement (which includes a copy of the Plan).

4. <u>Confirmation Hearing Date</u>. If the Disclosure Statement is approved, the hearing (the "Confirmation Hearing") to consider confirmation of the Plan shall commence on [**_____, 2023 at ___:00 a.m.**] (the "Confirmation Hearing Date"), or as soon thereafter as counsel can be heard. The Confirmation Hearing may be continued from time to time by way of announcement of such continuance in open court or otherwise, without further notice to parties in interest.

5. <u>Deadline and Procedures for Filing Objections to Confirmation</u>. The deadline for filing and serving objections to confirmation of the Plan (the "Plan Objection Deadline") shall be [**_____ at 5:00 p.m.**] In order to be considered, objections, if any, to confirmation of the Plan must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtor, its estate or property; (d) state with particularity the legal and factual bases and nature of any objection to the Plan; and (e) be filed with the Court, and served on the following parties (collectively, the "Notice Parties"), so as to be received on or before the Plan Objection Deadline: (a) counsel to the Debtor, Hodgson Russ LLP, 140 Pearl Street, Suite 100, Buffalo, New York 14202 (Attn: James C. Thoman, Esq.); (b) counsel to the Official Committee of Unsecured Creditors, Baumeister Denz LLP, 174 Franklin Street, Suite 2, Buffalo, New York

14202 (Attn: Arthur G. Baumeister, Jr., Esq.); and (d) the Office of the United States Trustee, Olympic Towers, 300 Pearl Street, Suite 401, Buffalo, New York 14202 (Attn: Joseph W. Allen, Esq.). Confirmation objections shall be filed and served so as to be received by the Notice Parties no later than the Plan Objection Deadline.

6. Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of the prior paragraph may not be considered by the Court and may be overruled.

7. <u>Notice and Transmittal of Solicitation Packages Including Ballots and Non-Voting Packages</u>. Within three (3) business days after the date an order approving the Disclosure Statement as containing adequate information is entered by the Court, the Debtor shall mail or cause to be mailed by first-class mail to: (i) all known creditors of the Debtor, as reflected in the Debtor's schedules and proofs of claim filed in this case, (ii) all known equity security holders of the Debtor, as reflected in the Debtor's books and records, (iii) any party that has requested a copy of the Disclosure Statement, and (iv) the parties on the Master Service List, notice of, *inter alia*, the Confirmation Hearing substantially in the form attached to the Motion as <u>Exhibit C</u> (the "<u>Confirmation Hearing Notice</u>"), which form is hereby approved.

8. <u>Solicitation Packages</u>. Within three (3) business days after the date an order approving the Disclosure Statement the Debtor shall mail or cause to be mailed by first-class mail to all claimants entitled to vote on the Plan —holders of claims in Class 2 and Class 3 under the Plan—an information and solicitation package (the "Solicitation Package"). The Solicitation Package shall contain copies or conformed printed versions of: (i) the appropriate form of Ballot annexed to the Motion as Exhibit D for accepting or rejecting the Plan is hereby approved; and (ii) a copy of IRS Form W-9.

9. Creditors holding claims in impaired Class 2 and Class 3 shall receive only the Solicitation Package appropriate for such impaired class; and creditors who have filed duplicate claims in Class 2 or Class 3 shall receive only one Solicitation Package and one Ballot for voting their claims with respect to such class; and shall be entitled to vote their claim only once with respect to such class.

10. <u>When No Notice or Transmittal Necessary</u>.  Notwithstanding any provision of this Order to the contrary, no notice or service of any kind shall be required to be made upon any person or entity to whom the Debtor mailed documents and received such documents returned by the United States Postal Service marked "undeliverable as addressed," "moved–left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtor has been informed in writing by such person or entity of its new address.

11. The Debtor shall not re-mail undelivered Solicitation Packages or other undeliverable solicitation-related notices that were returned marked "undeliverable as addressed," "moved–left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtor has been informed in writing by such person or entity of its new address.

12. <u>Voting Deadline</u>.  To be counted, Ballots for accepting or rejecting the Plan must be received by the Debtor's counsel by [**4:00 p.m. on _____, 2023**] (the "Voting Deadline").  The Debtor is hereby authorized to extend, in its sole discretion, the period of time during which Ballots will be accepted for any reason from any creditor or class of creditors.

13. <u>Voting Tabulation Procedures</u>.  For purposes of voting, the amount of a claim used to calculate acceptance or rejection of the Plan under section 1126 of the Bankruptcy Code shall be determined in accordance with the following hierarchy:

   a.  if an order has been entered by the Court determining the amount of such claim, whether pursuant to Bankruptcy Rule 3018 or otherwise, then in the amount prescribed by the order;

   b.  if no such order has been entered, then in the liquidated amount contained in a timely-filed proof of claim that is not the subject of an objection as of the Record Date; and

   c.  if no such proof of claim has been timely filed, then in the liquidated, noncontingent and undisputed amount contained in the Debtor's Schedules.

14. For purposes of voting, the following conditions shall apply to determine the amount and/or classification of a claim:

   a.  if a claim is partially liquidated and partially unliquidated, such claim shall be allowed for voting purposes only in the liquidated amount;

   b.  if a scheduled or filed claim has been paid, such claim shall be disallowed for voting purposes; and

   c.  the holder of a timely-filed proof of claim that is filed in a wholly unliquidated, contingent, disputed and/or unknown amount, and is not the subject of an objection as of the Record Date, is entitled to vote in the amount of $1.00.

15. <u>Record Date</u>.  The record date for purposes of determining (a) creditors and equity holders entitled to receive Solicitation Packages and related materials, if any, and (b) creditors entitled to vote to accept or reject the Plan and the creditors' corresponding claims, shall be [_____] (the "Record Date").

16. <u>Certification of Vote</u>.  The Debtor shall file its voting certification (the "Voting Certification") on or before [_____, 2023].  The Debtor shall serve such Voting Certification on all parties on the Master Service List.

17. <u>Service and Notice Adequate and Sufficient</u>.  Service of all notices and documents described herein in the time and manner set forth herein shall constitute due, adequate and sufficient notice, and no other or further notice shall be necessary.

18. The Debtor is authorized to make non-substantive changes to the Disclosure Statement, the Plan, Ballots and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other related materials prior to their mailing to parties in interest.

19. The Court shall retain jurisdiction to implement, interpret and effectuate the provisions of this Order.

_____
HONORABLE CARL L. BUCKI
CHIEF UNITED STATES BANKRUPTCY JUDGE