UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------------
In re

      TONAWANDA COKE CORPORATION          BK 18-12156 CLB


                         Debtor.            DECISION & ORDER
-----------------------------------------------------------


                Hodgson Russ LLP
                James C. Thoman, Esq., of counsel
                Guaranty Building
                140 Pearl Street
                Buffalo, New York 14202
                Attorneys for Debtor

                Baumeister Denz LLP
                Arthur G. Baumeister, Jr., Esq., of counsel
                174 Franklin St., Suite 2
                Buffalo, New York 14202
                Attorneys for the Official Committee of Unsecured Creditors

                Office of the U.S. Trustee
                Joseph W. Allen, Esq., Assistant U.S. Trustee
                Olympic Towers
                300 Pearl Street, Suite 401
                Buffalo, New York 14202


Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.


     In this Chapter 11 case, the United States Trustee objects to a disclosure statement on grounds that it seeks to advance a plan that is not confirmable in its present format. The issue is whether the debtor may assume consent to a third-party release except in those instances where a creditor expressly opts out of that proposal.

     Until October of 2018, Tonawanda Coke Corporation maintained a coke foundry along the Niagara River in Tonawanda, New York. By then, the corporation had

accumulated substantial debt, much of it related to the alleged emission of toxic

pollutants.  On October 15, 2018, at about the time that it was terminating operations,

the Corporation filed a petition for relief under Chapter 11 of the Bankruptcy Code.

Since that filing, the debtor in possession has completed the liquidation of its property.

Hoping to implement a distribution, Tonawanda Coke Corporation filed a Second

Amended Disclosure Statement and Plan on March 5, 2024.   In its Disclosure

Statement, the debtor reports that it now has approximately $300,000 available for

distribution on account of filed and scheduled unsecured claims totaling in excess of

$282 million.

The Office of the United States Trustee presented several objections to the

Disclosure Statement.  All have been resolved except one.  In its Plan, the debtor

proposes that with regard to the claims of unsecured creditors and tort victims, a

general release be given to "the Debtor, its interest holders, the members of the

Committee and each of their respective directors, officers, shareholders, members,

partners, agents, employees, representatives, attorneys and other professionals,

subsidiaries and affiliates, and any successor in interest in any of them."  This

arrangement would be conditioned, however, on the right of any creditor to "opt out"

of the general release.  At the hearing to consider approval of the Disclosure

Statement, the trustee argued that third-party releases were permitted only upon

creditor consent and that such consent could occur only with an affirmative "opt in" by

each creditor.

At the time of argument before this Court, the Supreme Court had not yet

rendered its decision in *Harrington v. Purdue Pharma L.P.*, 603 U.S. __, 144 S.Ct. 2071 (2024). Anticipating the relevance of that case, we deferred any decision on the Disclosure Statement until after the Supreme Court had provided its guidance. Now, with the benefit of higher authority, we address the process for securing consent to a third-party release.

## Discussion

After the commencement of a case, the proponent of a plan may not solicit its acceptance unless there is transmitted to creditors "the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing by the court as containing adequate information." 11 U.S.C. § 1125(b). Implicitly, such adequate information includes a representation that the proposed plan is one that can be confirmed. Consequently, the Court may decline to approve a disclosure statement that aims to solicit votes in favor of an unconfirmable plan.

In *Harrington v. Purdue Pharma L.P.,* the Supreme Court held "that the bankruptcy code does not authorize a release and injunction that, as part of a plan of reorganization under Chapter 11, effectively seeks to discharge claims against a nondebtor without the consent of affected claimants." 144 S.Ct. at 2088. Like Purdue Pharma, Tonawanda Coke Corporation proposes a plan that contemplates a release from liability for the benefit of various third parties. The debtor argues, however, that any requirement for consent would be satisfied by allowing creditors to opt out of a general release. We disagree.

In its decision in *Harrington v. Purdue Pharma*, the Supreme Court declined

"to express a view on what qualifies as a consensual release."  114 S.Ct. at 2088.

Nonetheless, the Court observed that "nothing in the bankruptcy code contemplates

(much less authorizes) it." *Id.* at 2086.  Hence, any proposal for a non-debtor release

is an ancillary offer that becomes a contract upon acceptance and consent.  Not

authorized by any provision of the Bankruptcy Code, any such consensual agreement

would be governed instead by state law.

The debtor is a New York Corporation whose principal and only place of business

is in that state.  All or nearly all of its creditors either transacted business with the

debtor during the course of its operations in New York, or suffered environmental

damages as a result of activities in New York.  With regard to the adequacy of consent,

therefore, the choice of law falls in the present instance to New York.

To each creditor, Tonawanda Coke Corporation already owes far in excess of any

proposed distribution.  Any payment under the plan serves as consideration for pre-

petition obligations.  No further consideration is given on account of the separate

liabilities of the non-debtor beneficiaries of the releases.  Indeed, the plan

contemplates the same distribution whether or not a creditor opts out of the release.

Essentially, creditors are being asked to give releases to third parties for no

consideration.  Consent for this arrangement is therefore governed by the following

provisions of the New York General Obligations Law:

> "An agreement, promise or undertaking to change or
> modify, or to discharge in whole or in part, any . . .
> obligation . . . shall not be invalid because of the
> absence of consideration, provided that the agreement,
> promise or undertaking changing, modifying, or

> discharging such . . . obligation . . . shall be in writing
> and signed by the party against whom it is sought to
> enforce the change, modification or discharge, or by his
> agent."

N.Y. GEN. OBLIG. LAW § 5-1103 (McKinney 2022).  Under this standard, a failure to opt

out will not suffice to bind a creditor.  Rather, the creditor must affirmatively sign a

writing under which it expressly agrees to discharge the non-debtor parties.  *See also*

*Matter of Tanenbaum Textile Co. v. Schlanger*, 287 N.Y. 400 (1942).  Without such a

writing from each affected creditor, the release becomes a mere proposal that no one

can enforce.

Even aside from the specific requirements for a writing under the General

Obligations Law, we find that the debtor's plan would be deficient in securing the

consent of creditors.  "Consent and failure to object are not synonymous."  *In re Arch*

*Hospitality, Inc.*, 530 B.R. 588, 591 (Bankr. W.D.N.Y. 2015).  In many Chapter 11

cases, only a small percentage of creditors will cast ballots on confirmation of a plan.

Many who do vote may overlook the box indicating a preference to deny a release to

third parties.  Absent a writing expressly agreeing to a release of non-debtors,

creditors have not given consent as required by the Supreme Court in *Harrington v.*

*Purdue Pharma*.

Conclusion

In its recent decision in *Harrington v. Purdue Pharma L.P.*, 603 U.S. __, 144

S.Ct. 2071 (2024), the Supreme Court held that a Chapter 11 Plan can provide a

release for the benefit of non-debtors only with the consent of affected creditors.  We

find that the mere ability to opt out of a release is insufficient to establish that consent.

Consequently, the debtor's proposed plan is not confirmable in its present form.  By

failing to report this problem, the Disclosure Statement is similarly deficient.  The

objection of the United States Trustee is therefore sustained.  The request of

Tonawanda Coke Corporation to approve the Second Amended Disclosure Statement

is denied, but without prejudice to presenting a further amended plan and disclosure

statement that conforms with the guidelines recited herein.


        So ordered.



Dated: August 27, 2024                     /s/ Carl L. Bucki_____
        Buffalo, New York                 Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.